(No. 3332—

CATHERINE BURZYCH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 8, 1941.*

*Rehearing denied May 12, 1941.*

MAX J. BECKER, for claimant.

GEORGE F. BARRETT, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

Claimant alleges that on the 13th day of April, 1938, and for some six or seven years prior thereto, she was employed as an attendant at the Chicago State Hospital, and on that date, while taking care of a patient, she was kicked in the abdomen resulting in an operation by which a fibroid tumor and a Group 3 cancer of the cervix were removed and subsequent x-ray treatments were given her for the cancerous condition, and she finally returned to work on July 11, 1938. She also complained of burns on her legs received in the

course of treatment which caused certain injuries described in claimant's statement. The testimony showed that she was employed in an occupation which comes under the Workmen's Compensation Act. The claimant contends that she reported the accident to her immediate superior, Miss Stell Oxford, but Miss Oxford's testimony was very vague and indefinite. Claimant went to her home the day after the accident and for some time thereafter was treated by a physician not connected with the Chicago State Hospital, and to whom she paid $18.00 for six visits. It was reported to the hospital on April 19, 1938 that claimant was ill from uterine bleeding. She did not return to work until May 23, 1938, but was paid her regular monthly salary of $52.92 for the month of April, and it was agreed by counsel on the taking of the testimony that of this sum $23.92 was paid her for that part of April during which she did not work. Claimant returned to work on May 23, 1938, and worked until June 15, 1938, when she was admitted to the employees' hospital at the Chicago State Hospital on her complaint of vaginal bleeding and abdominal pain of several months' duration and her statement that she had been kicked on April 13, 1938.

Claimant was paid for the period during which she worked from May 23rd to the time of her admission to the hospital.

Claimant's contention is that on the day she was injured she went to take care of a patient, and was kicked in the abdomen by the patient who was lying on a bed; that said kick sent claimant reeling backward for twenty feet.

Dr. Arthur H. Schoenwetter testified that he examined the claimant on January 24, 1939. Dr. Scheffler also testified.

Claimant is asking for compensation for 25% loss of use of each of her feet, which is equivalent to $621.68 plus $530.22, which represents compensation during the 402 days that she did not work because of her incapacity, plus $18.00 for ointments, or a total of $1,169.00. Of this sum $23.92 has been paid, leaving a balance of $1,145.08.

Considering the record in its entirety, we are of the opinion that the State had due notice and proper demand for compensation has been made. The medical testimony as to the tumor and cancer is not at all satisfactory.

A lengthy hypothetical question was propounded to each of the doctors. Dr. Schoenwetter in response to the hypo-

thetical question as to whether he had an opinion concerning the facts presented on the question, testified that he did have such an opinion based upon a reasonable degree of medical certainty. He testified and said: ''Well, an injury to a tumor causes hemorrhage into that tumor; hemorrhage and swelling of any part. As the hemorrhage and swelling aggravate it, it becomes enlarged, and becomes larger, because there is hemorrhage into the tumor from bleeding. Immediate pain, and immediate vaginal hemorrhages will also aggravate the cancer of the cervix, due to the fact that bleeding, intra-uterine bleeding comes into the cervix. The cancerous cells cause more destruction to the part from time to time, and in that region, trauma, plus a factor of a weakened condition, and hemorrhage would make it more susceptible.'' This doctor also stated that the trauma described in the hypothetical question might or could aggravate the fibroid tumor, and this physician was of the opinion that this fibroid tumor and cancer were in existence on April 13, 1938.

The claimant sustained injuries because of burns received while she was in the hospital after she had been operated on for the removal of the cancer and the tumor, and compensation is sought for this reason. It is a well known fact that a tumor and a cancer are ailments which are progressive in their nature.

Dr. Scheffller also testified and he positively stated that her illness after April 13, 1938 was the result of the fibroid of the uterus and the carcinoma of the cervix and not due to the kick. The lesion which was found in the operation had evidently been there for a period of at least months or a year. The kick was purely incidental in bringing attention to the presence of such lesion, and the bleeding was caused by a fibroid tumor in the uterus.

The medical testimony is not sufficient upon which an award could be based.

In addition to this, there is a certificate of Dr. Edward F. Dombrowski, Managing Officer of the Chicago State Hospital, given under date of December 22, 1938. He quoted from the history obtained from the claimant herself at the time of her first admittance to the hospital, and said that she had stated that about three months prior to the admittance she was struck in the abdomen by an inmate of the institution, but there is no record of any injury report having been made

at that time. Following this injury she went off duty and was under the care of a private physician for a period of time not known to this doctor and until the bleeding stopped. Without any further injury, the bleeding commenced again in May. This report states that at the time of the admission of the claimant to the hospital, an examination revealed the presence of a large fibroid uterus and a lesion of the cervix of the uterus, suggesting the possibility of a cancer; that there was no visible evidence of trauma to the abdominal wall. On August 6, 1938, the operation was performed, and a tumor of the uterus was removed, and a Group 3 cancer of the cervix was found, and because of the patient's weakened condition, she was given several transfusions, and was discharged from the hospital on October 24, 1938.

The medical testimony in this case on the question of cancer and tumor is not sufficient upon which we can base an award. Therefore, nothing can be allowed for the ointment that she purchased and nothing can be allowed for the burns to her legs, which were caused by the treatment of the tumor and the cancer. We feel, however, that the State did have sufficient notice for claim for compensation for the seven weeks that elapsed following the time that she went to her home and left her employment. We, therefore, make an award for seven weeks at $9.21 per week, being one-half of her weekly wage of $18.42, or $64.47, plus the sum of $18.00, being the amount she paid to a private physician, or a total award of $82.47, less $23.92, an overpayment, or $58.55.

This award, being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof", (Illinois Revised Statutes, 1939, Bar Association Edition, Chapter 127, Pars. 180-181), and being subject also to the terms of an Act entitled "An Act Making Appropriations to the Auditor of Public Accounts for the Disbursement of Certain Monies Until the Expiration of the First Fiscal Quarter After the Adjournment of the Next Regular Session of the General Assembly", approved July 1, 1939 (Session Laws 1939, page 117); and being, by the terms of the first mentioned Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the General Revenue Fund in the manner provided by the foregoing Acts.